Froessel, J. (dissenting).
We dissent and vote to affirm. A specifically endowed constitutional right is not involved in this case. Our State Constitution does not grant an accused the right to a speedy trial. Nor is the guarantee thereof, as provided in the Sixth Amendment of the United States Constitution, a “ principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental ”, and thereby made applicable to State criminal procedures by virtue of the Fourteenth Amendment, or due process clause, of the United States Constitution (Snyder v. Massachusetts, 291 U. S. 97, 105; Wolf v. Colorado, 338 U. S. 25, 26; People v. Jelke, 284 *397 App. Div. 211, 225, affd. 308 N. Y. 56, 62; People v. Hall, 51 App. Div. 57, 60).
In this State the right to a speedy trial is granted by statute (Code Grim. Pro., § 8). The Legislature, however, which granted that right in the first instance, has seen fit by other statutory provisions to prescribe rules for its administration by the courts, and has specifically directed the legal consequences to follow upon the exercise of that right. Thus section 668 of the Code of Criminal Procedure directs that a dismissal of an indictment may be had where a trial has not been speedily brought on. However, section 673 of the code expressly authorizes a new indictment for the same offense, where a felony is involved, notwithstanding the prior dismissal under section 668 for lack of a speedy trial. Other statutory provisions which come into play in understanding the nature and limits of the legislative grant of a speedy trial are sections 141-142 of the code, relating to limitation periods for prosecution of crimes. The undoubted purpose of these limitation periods is not different from what we stated in People v. Prosser (309 N. Y. 353, 356) underlies the statutory grant of a speedy trial.
Such is the statutory scheme. We find the varied provisions readily reconcilable, and the only fair and reasonable construction which may be accorded them is that the right to a speedy trial is qualified, not absolute on the level of a constitutional guarantee, and may be given operative effect only in the light of the limitation period prescribed by statute. Thus an accused who secures dismissal of an indictment on the ground that he was not speedily brought to trial may be indicted anew for the same crime at any time before the Statute of Limitations has run.
The import of the opinion for reversal in this case is to fashion a new limitation period for felonies, lesser than, and in contravention of, the five-year period prescribed by the Legislature. As we stated in the Prosser case {supra), one indicted for a crime and awaiting trial is subjected to “ the anxiety and public suspicion attendant upon an untried accusation of crime ” (309 N. Y., at p. 356). It is a cloud hanging over his head. If this cloud of anxiety and public suspicion following the indictment is prolonged because of delay in bringing the indictment to trial, the defendant is entitled to relief. The relief afforded him is *398 removal of the cloud by dismissal of the indictment—not, however, absolute immunity from punishment or prosecution. Immunity from prosecution would follow only if the delay were so long that the Statute of Limitations had run. The one who committed the crime may, therefore, be indicted anew at any time during the limitation period. If he is so indicted and thereupon speedily brought to trial, the evil of a prolonged cloud, which had attended upon the first indictment, never recurs, and, as here, there is no injustice to be rectified. It could not be maintained, moreover, before the Statute of Limitations had run that, since the witnesses of the defendant were no longer available or their memories “dulled”, a new indictment is barred. The Legislature, in establishing limitation periods, made that clear. An indictment may be found at any time within the statutory period.
The Prosser case {supra) does not hold more than that an indictment followed by prolonged delay until trial should be dismissed. It never purported to raise the provision of section 8 to the level of an absolute constitutional guarantee, immunizing from punishment one deprived of the right to a speedy trial. As it happened in that case, a new indictment could not have been filed since more than six years had elapsed between the time of the commission of the crime and trial. Thus, once we dismissed, the five-year limitation period—not the right to a speedy trial — barred future prosecution. Moreover, no claim is made here, as was apparent in Prosser, that the District Attorney in bringing the second indictment was acting maliciously, intending to harass the defendant, or was using the criminal process as a vehicle for abuse.
In this case, the defendant Wilson was indicted in January, 1955, and the District Attorney promptly lodged a warrant against him in State prison, where he was serving time under a prior felony conviction. The Prosser case was not decided until December, 1955. Ten months thereafter, and with the Summer vacation intervening, upon application of the District Attorney, defendant was ordered produced from Auburn Prison for arraignment, whereupon his counsel moved to dismiss upon the ground that he had been denied a speedy trial. Similar motions were denied by the trial court, at which time defendant Wilson were also made by Wilson’s two codefendants. The motions *399 pleaded guilty to attempted robbery in the third degree. His codefendants pleaded guilty to robbery in the third degree, and they did not appeal from the ensuing convictions. Upon defendant Wilson’s appeal, the Appellate Division in December, 1957 unanimously reversed and granted the motion to dismiss “ without prejudice to the right of the respondent to proceed as permitted in section 673 of the code, if so advised ”.
In November, 1958 the Grand Jury reindicted defendant. In December he moved to dismiss the indictment upon the ground that he had been denied a speedy trial upon the first indictment, and maintained that section 673 is unconstitutional. That motion was denied in February, 1959, whereupon Wilson again entered a guilty plea. He thereupon appealed from the ensuing conviction.
The foregoing analysis of the record demonstrates that the delay was by no means as extreme as it was in the Prosser case (supra), extending beyond the period of the Statute of Limitations, but was in part due to the fact that the Prosser case had not yet been decided and in part by defendant’s appeal. It is therefore quite understandable that the Appellate Division in its judgment and discretion granted defendant’s original motion to dismiss “ without prejudice ” as aforesaid.
The prevailing opinion here states that it “ does not mean that when an indictment has been dismissed for delay there can never be a reindictment under section 673 ”. But what are the criteria if not found in the statute itself? If discretion may be exercised, the Appellate Division has done so in affirming the trial court and, since we cannot say that it was an abuse of discretion as a matter of law, we have no right to reverse.
To suggest that section 668 embraces only a situation where an indictment is not brought on for trial ‘' at the next term of the court” — and nothing more — is to misread its plain language and purpose. That section merely prescribes the time when a defendant may first move for dismissal. If it gave him the right to a dismissal at that moment — in light of the time needed for preparation and the crowded calendar conditions of our criminal courts—most defendants would have to be set free. We cannot agree that a District Attorney’s oversight or neglect in bringing a defendant to trial in a felony situation such as this completely liberates the offender, although the *400 Statute of Limitations against the People has not run its course. The great danger of decreeing such a result should be obvious. Moreover, it completely disregards the plain language of section 673.
Accordingly, the judgment appealed from should be affirmed.
Judges Fuld, Van Voorhis, Burke and Foster concur with Chief Judge Desmond; Judge Froessel dissents in an opinion in which Judge Dye concurs.
Judgment reversed, etc.